**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**DAYTON BRICE MERTES,**

Plaintiff,

**v.** **Case No. 26-CV-1661**

**C. WALDHEUTTER, *et al.*,**

Defendants.

---

# ORDER

---

On October 7, 2026, the court assessed an initial partial filing fee of $ 25.34 that was due on or before November 9, 2026. (ECF No. 6.) On October 22, 2026, plaintiff Dayton Brice Mertes, who is incarcerated and representing himself, requested the court recalculate his initial partial filing fee. (ECF No. 7.) He explains he has been incarcerated only since August 17, 2026, so his prisoner trust account statement preceding the filing of the complaint only reflects the balance in his trust account since that date. (*Id.* at 1.) He also states he owes a lot of debt to his institution and the institution has been confiscating all of his incoming money, including the $380 deposit from his employer for the last paycheck he earned before entering custody. (*Id.*) Mertes submitted an updated trust account statement that includes his balance from the first half of October 2026. (ECF No. 8.)

Federal law requires that any party filing a complaint must pay a filing fee of $350. 28 U.S.C. § 1914(a). It also requires a party filing a complaint to pay a $55

administrative fee. The law does *not* allow the court to waive the filing fee in full if the person filing the complaint is a prisoner. Rather, it says that, if the court determines that the prisoner qualifies for *in forma pauperis* status, (a) the $55 administrative fee is waived, and (b) the court may allow the prisoner to pay the $350 by paying an initial partial filing fee followed by monthly installments until the $350 has been paid in full.

The law requires the court to calculate the initial filing fee and the installments based on 20 percent of either the average monthly deposits into the prisoner's account or the average monthly balance in the prisoner's account for the six months preceding the date the complaint was filed, whichever is greater. 28 U.S.C. § 1915(b).

The court's assessment of the $25.34 initial partial filing fee was calculated from information in the certified copy of Mertes's prisoner trust account statement for the three-month period immediately preceding the filing of the complaint. (ECF No. 5.) The statement showed that Mertes had an average monthly deposit in the account of $126.68 and that the average monthly balance was $23.35. Twenty percent of $126.68 is $25.35. (*Id.*)

The court has also completed an assessment of Mertes's second prisoner trust account statement submitted with this motion. This trust account statement covered the four-month period immediately preceding the filing of the complaint. (ECF No. 5.) The statement showed that Mertes had an average monthly deposit in the account

of $108.26 and that the average monthly balance was $17.51 Twenty percent of $108.26 is $21.65. (*Id.*)

The court's review of Mertes's trust account statement reveals that he uses the funds in his account for stamps, medications, and to pay off his debt to his institution. Also, it shows that he receives regular deposits to the account. The Court of Appeals for the Seventh Circuit has instructed, "It is not enough that the prisoner lack assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when 'the prisoner has no assets and no means by which to pay the initial partial filing fee.' A prisoner with periodic income has 'means' even when he lacks 'assets.'" *Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997) (*rev'd on other grounds Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000)).

Based on both of his trust account statements, Mertes has the means to pay the initial partial filing fee. However, the court will adjust the initial partial filing fee to the lower amount based on the second trust account statement as a one-time curtesy. The court will not recalculate the initial partial filing fee again.

The court reminds Mertes he may pay the initial partial filing fee out of his release account. Also, if Mertes feels that he cannot afford to pursue litigation at this time, he may always voluntarily dismiss the case and refile it when he is able to pay the fees and costs associated with litigation.

If Mertes wishes to proceed with his suit, the court must receive the initial partial filing fee of $21.65 by November 23, 2026**.** If the court does not receive the

remaining balance of the initial partial filing fee by November 23, 2026, it will dismiss this case without prejudice.

**IT IS THEREFORE ORDERED** that Mertes's motion to recalculate the initial partial filing fee (ECF No. 7) is **GRANTED.** The initial partial filing fee is **AMENDED** to $21.65.

**IT IS FURTHER ORDERED** that Mertes must pay the initial partial filing fee of $21.65 by **November 23, 2026**. If the court does not receive the initial partial filing fee by that date, it will dismiss this case without prejudice based on Mertes's failure to pay the initial partial filing fee.

Dated in Milwaukee, Wisconsin this 28th day of October, 2026.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge